# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

V.

_____

**ORDER OF DETENTION PENDING TRIAL**

Case Number: _____

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

   ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
   ☐ an offense for which the maximum sentence is life imprisonment or death.
   ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

   ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
   ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: _____

_____
*Signature of Judicial Officer*

_____
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

proceedings: On August 15, 2003, defendant failed to appear for an arraignment on retail fraud in Muskegon, MI A bench warrant was issued, but he was not apprehended until a year and a half later in February 2005. The state court apparently again released defendant, and he failed to appear for arraignment a second time, that same month, and another bench warrant had to be issued.

In October 2005, a bench warrant had to be issued for defendant when he failed to appear in Muskegon for a contempt hearing on a different charge.

In November 2005, defendant failed to appear for a pretrial hearing in yet another case in Muskegon, and a bench warrant was issued.

In February 2006, a bench warrant had to be issued when defendant failed to appear for an arraignment.

In May 2006, defendant again failed to appear for an arraignment and a bench warrant issued. Defendant was not apprehended for 5 months.

A show cause hearing was scheduled in Grand Rapids for July 2008 when defendant failed to pay a fine, but he failed to appear again, and another bench warrant had to be issued.

In September 2008, defendant failed to appear for a plea hearing in Muskegon. A bench warrant was issued, but he was not arrested for 10 months.

Defendant failed to appear for an arraignment in Hudsonville in August 2009, and a bench warrant remained outstanding for him for over a year until he was arrested in September 2010. Defendant was again released on bond but again failed to appear for arraignment in October 2010, and a new bench warrant was issued. He was not arrested on this warrant for over one half a year, in May 2011. The Hudsonville court again allowed the defendant to post bond and he again failed to appear for an arraignment later that month. A new warrant was issued for defendant's arrest and he was arrested in June 2011. For reasons not clear to this court, defendant was apparently again released on bond. He then failed to appear for arraignment in July 2011 and another warrant was issued. Defendant was not arrested until two months later in September 2011 and again posted bond and again failed to appear (continued on next page)

**Part II - Written Statement of Reasons for Detention** - (continued)

The revolving doors of the state courts have apparently taught defendant to have no respect for court dates. This is defendant's first case in federal court, and this court simply does not have enough U.S. marshals to provide the pick-up service defendant has come to expect (even if defendant did not frequently disappear for months and could be readily found). Nor is the court reassured that defendant will continue to behave while on work release to the Ottawa County Jail, in light of his previous disregard for law enforcement authorities in that county (jumping bail and remaining at large 5 times over a two-year period in a single case), and the new penalties he faces.

**United States v Preston Fitzgerald Purnell**
**1:11-CR-341**
**ORDER OF DETENTION PENDING TRIAL**
**Page 3.**


**Alternate Findings (B) - continued**

for arraignment in October 2011, resulting in another warrant being issued. Defendant was subsequently arrested in November 2011. This time defendant was lodged in the Ottawa County Jail, where he remains today with work release privileges.

Defendant also failed to appear for arraignment in a Grand Rapids state court in August 2009, and also failed to appear at a show cause hearing the same month in that court resulting in a bench warrant being issued.

Defendant was also charged in a Grand Rapids court for a different charge in 2011 for which he was released on bond on June 30, 2011, but failed to appear for his arraignment the following month. He also failed to appear for a show cause hearing in July 2011 resulting in a bench warrant. Defendant was arrested on the bench warrant in September 2011, posted a new bond, and was released. He failed to pay a fine and a warrant remains outstanding.

(There are also instances when bench warrants had to be issued when defendant failed to pay fines.)

In short, defendant has not only repeatedly failed to appear, but has done so at least once (often multiple times) in 10 of the 15 cases he has been charged in during the past decade. When bench warrants for failures to pay fines are considered, the courts have had to issue at least one and often several bench warrants in 14 of the 15 cases he has been charged in during the past decade.

The government has also introduced evidence that defendant's probation officer in Kentwood has had difficulty finding him and that federal authorities had to look for him for months before they were able to locate him. Defendant has also misrepresented both the medical condition of himself and his mother to this court in an effort to gain this court's sympathy for release.

Defendant seeks to be returned to serve his time in the Ottawa County Jail where he has been released from custody on a daily basis for employment purposes. It appears that in the course of this employment defendant goes door-to-door account information from homeowners.